# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN BOGOVICH, #Y16689, | ) ) ) |
| Plaintiff, | ) ) Case No. 18-cv-2214-NJR |
| vs. | ) ) ) |
| SARAH B. BRAKE, SHANE A. TASKY, TERRY M. BUTTER, and DANIEL A. SULLIVAN, | ) ) ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Steven Bogovich, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that while he was housed at Big Muddy Correctional Center, Defendants retaliated against him by filing a disciplinary report. Plaintiff also alleges an Illinois state law claim against Defendants for intentional infliction of emotional distress. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Upon careful review of the Complaint, however, the Court finds that it is

1

apparent from the face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing suit. Accordingly, this case will be dismissed.

### The Complaint

In his Complaint, Plaintiff makes the following allegations: He was placed in segregation on investigative status for his involvement in a fight on July 13, 2018. (Doc. 1, p. 6). When interviewed by Defendant Brake about the fight, Plaintiff indicated that he was not involved. (*Id*.). He was released from segregation without discipline. In October 2018, while talking with someone on the telephone, Plaintiff indicated that he was able to avoid discipline by lying to Brake. (*Id*.). On October 24, 2018, Plaintiff was issued a disciplinary ticket for the fight, which he alleges is in violation of Illinois code requiring that a disciplinary ticket be issued within eight days of the offense. (*Id.*). Plaintiff alleges that the disciplinary ticket was written in retaliation for avoiding the initial charge in July. Plaintiff also alleges that he asked for mental health help from the adjustment committee, but none was provided. (*Id*.). Plaintiff was ultimately found guilty on the disciplinary report and sentenced to three months segregation, three months good time credit, and loss of phone privileges. (*Id*. at p. 7). Plaintiff also alleges that the actions of Brake and the adjustment committee, to include Shane A. Tasky, Terry M. Butter, and Daniel Sullivan, constitute intentional infliction of emotional distress.

Plaintiff states in his Complaint, however, that he has not exhausted his administrative remedies. He alleges that he submitted a grievance to the Administrative Review Board ("ARB") two weeks before filing his Complaint, in December 2018, and that the grievance is still pending before the ARB. (Doc. 1, pp. 4-5). Plaintiff also states that he only intends to raise a claim for intentional infliction of emotional distress because none of his constitutional claims were exhausted at the time he filed his Complaint. (*Id*. at p. 7).

**Discussion**

"The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S.Ct. 1850, 1854-55 (2016) (citing 42 U.S.C. § 1997e(a)). The Supreme Court recently emphasized the mandatory nature of the exhaustion requirement in *Ross*, noting that aside from the statutory exception to the exhaustion requirement for when administrative remedies are unavailable, "the PLRA's text suggests no limits on an inmate's obligation to exhaust–irrespective of any 'special circumstances.'" *Id.* at 1856. Emphasizing the lack of discretion in this area, the Court explained that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857.

Exhaustion of administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Nonetheless, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be "apparent from the complaint itself" and "unmistakable." *Walker*, 288 F.3d at 1010. Such is the case here. Plaintiff admits in his Complaint, on two different occasions, that he has not exhausted his claims. He states under the Grievance Procedure portion of his Complaint that he submitted a grievance to the ARB two weeks prior to filing his Complaint and has not yet received a response. (Doc. 1, pp. 4-5). He reiterates in the Statement of Claim that he has not exhausted his claims. (*Id.* at p. 7). The ARB has six months to respond to a grievance after its receipt. 20 Ill. Admin. Code §504.850(e). Exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A prisoner must wait to bring a suit until he completes the exhaustion process.

*Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a)). Because Plaintiff has admitted that he has filed a grievance which is still pending before the ARB, the Court **FINDS** that Plaintiff has not exhausted his administrative remedies prior to filing suit. Moreover, because the grievance procedure is plainly available to Plaintiff, no exceptions apply to absolve him of the exhaustion requirement. *See Ross*, 136 S.Ct. at 1856-60. His constitutional claims are subject to dismissal pursuant to Section 1915A. The dismissal shall be without prejudice to Plaintiff re-filing his claim once he completes the administrative appeal process. Alternatively, the action may be re-filed once Plaintiff is no longer "confined in any jail, prison, or other correctional facility" and thus not subject to the restriction contained in 42 U.S.C. § 1997e(a). Nothing in this Order shall be construed as an opinion on the ultimate merits of his claims.[1]

Although Plaintiff asks that he be allowed to pursue his state law claim of intentional infliction of emotional distress while he exhausts his Section 1983 claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

---

[1] The Court does note, however, that Plaintiff's claim that he was retaliated against after he "[got] off the initial" disciplinary report by lying to Defendant Brake is unlikely to state a claim as lying is not a protected First Amendment activity. *See Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (finding no retaliation where inmate was found to have lied on his grievance).

Plaintiff's state law claim for intentional infliction of emotional distress may be cognizable in the same action with his constitutional claims. Because the Court has already determined that Plaintiff has failed to exhaust his constitutional claims and they are subject to dismissal, however, the supplemental state law claims shall not be considered further unless Plaintiff files a new case on the federal claims after he exhausts his administrative remedies, and those claims withstand review under Section 1915A. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). Accordingly, Plaintiff's claim for intentional infliction of emotional distress is also **DISMISSED without prejudice**.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to Plaintiff filing a new lawsuit, but only after he has exhausted his administrative remedies. Plaintiff's motion for counsel (Doc. 3) is **DENIED as moot**. This shall not count as a strike pursuant to 28 U.S.C. § 1915(g). *See Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010) ("The dismissal of an action for failure to exhaust . . . does not incur a strike.").

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable.[2] *See* 28 U.S.C. § 1915(a)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See*

---

[2] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. See FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 2/26/2019**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**